# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

CHARLES ANTHONY WILLIS,    )
                                )

      Plaintiff,             )
                                )

v.                          )     Case No. CV608-030
                                )

BILLY TOMPKINS, *Warden*; CHRIS  )
HILL; and LINDA CHAPPEL,     )
                                )

      Defendants.         )

## ORDER

Plaintiff has failed to respond truthfully to a question on his civil complaint form. (Doc. 1.) Consequently, he is **ORDERED** to show cause why this case should not be dismissed.

The civil complaint form, question 1(C), asks whether any federal *in forma pauperis* lawsuit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. 1 at 2-3.) Under penalty of perjury, plaintiff checked "yes" in response to the question, but he listed only two *in forma pauperis* cases that had been dismissed.[1]

---

[1.] <u>Willis v. Medical Examiners</u>, No. CV499-279 (S.D. Ga. May 23, 2000) (dismissed for failure to state a claim); <u>Willis v. Jarriel</u>, No. CV301-061 (S.D. Ga. Dec. 4, 2001) (same).

(Id. at 3.)  Plaintiff failed to disclose that he had proceeded *in forma pauperis* in at least two other cases that were also dismissed for failure to state a claim.[2]  By doing so, he disguised the fact that he was a "three-striker" under 28 U.S.C. § 1915(g).

Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court."  Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006).  "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)."  Id. at 490; Fed. R. Civ. P. 11(c); see also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct).  Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure."  Zocaras, 465 F.3d at 490; State Exch. Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982).  In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions."  Zocaras, 465 F.3d at 490; Link v.

---

[2.] Willis v. Williams, No. CV502-041 (S.D. Ga. Aug. 9, 2002) (dismissed for failure to state a claim); Willis v. Devooght, No. CV204-171 (S.D. Ga. Jan. 31, 2005) (same).

Wabash R.R. Co., 370 U.S. 626, 630-631 (1962); Hartline, 693 F.2d at 1352. The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), abrogated on other grounds by Jones v. Bock, 127 S. Ct. 910 (2007).

While a prisoner's pro se pleading is entitled to liberal construction, that doctrine presupposes that the prisoner was honest and forthright with the Court. Providing false responses to the Court is sanctionable conduct and undermines the administration of justice. The Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and to warn plaintiff that such false responses will not be tolerated and may result in more severe and long-term sanctions in the future.

Prior to imposing sanctions, the Court is required to "order . . . [the] party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Accordingly, the Court **ORDERS** the plaintiff to show cause within fifteen days from the

date of this Order why this case should not be dismissed for his failure to answer honestly question 1(C) on the civil complaint form.  If plaintiff fails to respond adequately within fifteen days of this Order, this case should be dismissed without prejudice for plaintiff's abuse of the judicial process.  See Gillilan v. Walker, No. CV106-184, 2007 WL 842020, at *1 (S.D. Ga. Mar. 15, 2007) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information about his prior filing history).

SO ORDERED this  6th  day of May, 2008.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA